# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

William Watkins

V.

See Attachment A

SUMMONS IN A CIVIL CASE

CASE NUMBER:

CV 08 0271 CRB

TO: (Name and address of defendant)

ShoreTel, Inc. c/o Michael Healy (Registered Agent for Service of Process) 960 Steward Drive Sunnyvale, CA 94085

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Reed R. Kathrein Hagens Berman Sobol Shapiro LLP 715 Hearst Avenue, Suite 202 Berkeley, CA 94710

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

JAN 15 2008

(BY) DEPUTY CLERK

SPRINKLES

## Attachment A for Summons

Defendants:

1. Shoretel, Inc.
2. John W. Combs
3. Michael E. Healy
4. Edwin J. Basart
5. Gary J. Daichendt
6. Thomas Van Overbeek
7. Kenneth D. Denman
8. Charles D. Kissner
9. Edward F. Thompson
10. Lehman Brothers, Inc.
11. J.P. Morgan Securities, Inc.
12. Piper Jaffray & Co.

AO 399 (Rev. 10/95)

[Clear Form]

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __John W. Combs__ , acknowledge receipt of your request
    (DEFENDANT NAME)

that I waive service of summons in the action of __Watkins v. ShoreTel, Inc., et al.__ ,
                                                        (CAPTION OF ACTION)

which is case number __CV 08-0271 CRB__ in the United States District Court
                        (DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                     __January 22, 2008__ ,
                                                          (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__February 21, 2008__                    __[signature]__
        (DATE)                                  (SIGNATURE)
                                        Catherine D. Kevane/Fenwick & West
                                Printed/Typed Name: on behalf of John W. Combs

                        As __attorneys for Defendant__ of __John W. Combs__
                              (TITLE)                      (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

☜AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Edwin J. Basart_____☐__ , acknowledge receipt of your request
 (DEFENDANT NAME)

that I waive service of summons in the action of __Watkins v. ShoreTel, Inc., et al._____,
(CAPTION OF ACTION)

which is case number __CV 08-0271 CRB_____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                                   January 22, 2008      ,
                                                                     (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


February 21, 2008          _____/s/ Cathuane_____
      (DATE)                           (SIGNATURE)
                            Catherine D. Kevane/Fenwick & West
                  Printed/Typed Name: on behalf of Edwin J. Basart

                  As  attorneys for Defendant  of  Edwin J. Basart
                         (TITLE)                  (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Gary J. Daichendt , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Watkins v. ShoreTel, Inc., et al. ,
(CAPTION OF ACTION)

which is case number CV 08-0271 CRB in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after January 22, 2008 ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

February 21, 2008            _Catherine_
(DATE)                        (SIGNATURE)

Printed/Typed Name: Catherine D. Kevane/Fenwick & West on behalf of Gary J. Daichendt

Aattorneys for Defendant of Gary J. Daichendt
(TITLE)                        (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Kenneth D. Denman , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Watkins v. ShoreTel, Inc., et al. ,
(CAPTION OF ACTION)

which is case number CV 08-0271 CRB in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                                 January 22, 2008 ,
                                                                      (DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.


February 21, 2008                    _(signature)_
(DATE)                               (SIGNATURE)
                                     Catherine D. Kevane/Fenwick & West
                      Printed/Typed Name: on behalf of Kenneth D. Denman

                      As attorneys for Defendant of Kenneth D. Denman
                         (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399  (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Michael E. Healy , acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of Watkins v. ShoreTel, Inc., et al. ,
   (CAPTION OF ACTION)

which is case number CV 08-0271 CRB in the United States District Court
   (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after  January 22, 2008 ,
   (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

February 21, 2008        *Catherine* (signature)
(DATE)                    Catherine D. Kevane/Fenwick & West
   Printed/Typed Name:  on behalf of Michael E. Healy

As **attorneys for Defendant** of __Michael E. Healy__
   (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Charles D. Kissner__ , acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of __Watkins v. ShoreTel, Inc., et al.__ ,
                                                              (CAPTION OF ACTION)

which is case number __CV 08-0271 CRB__ in the United States District Court
                         (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after __January 22, 2008__ ,
                                                                       (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


__February 21, 2008__                    __Catherine__ (signature)
         (DATE)                                    Catherine D. Kevane/Fenwick & West
                              Printed/Typed Name: on behalf of Charles D. Kissner

                 As __attorneys for Defendant__ of __Charles D. Kissner__
                          (TITLE)                      (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Thomas Van Overbeek , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Watkins v. ShoreTel, Inc., et al.,
(CAPTION OF ACTION)

which is case number CV 08-0271 CRB in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after January 22, 2008 ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

February 21, 2008        *(signature)*
(DATE)                   (SIGNATURE)

Printed/Typed Name: Catherine D. Kevane/Fenwick & West
on behalf of Thomas Van Overbeek

Aattorneys for Defendant of Thomas Van Overbeek
(TITLE)                              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Edward F. Thompson__ , acknowledge receipt of your request
      (DEFENDANT NAME)

that I waive service of summons in the action of __Watkins v. ShoreTel, Inc., et al.__ ,
                                                                    (CAPTION OF ACTION)

which is case number __CV 08-0271 CRB__ in the United States District Court
                              (DOCKET NUMBER)

for the Northern District of California.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __January 22, 2008__ ,
                                                                                              (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__February 21, 2008__            _Catherine_ (signature)
      (DATE)                  Catherine D. Kevane/Fenwick & West
                              Printed/Typed Name: on behalf of Edward F. Thompson

                              As __attorneys for Defendant__ of __Edward F. Thompson__
                                        (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.