1  REED R. KATHREIN (139304)
   PETER E. BORKON (212596)
2  HAGENS BERMAN SOBOL SHAPIRO LLP
   715 Hearst Avenue, Suite 202
3  Berkeley, CA 94710
   Telephone: (510) 725-3000
4  Facsimile: (510) 725-3001
   reed@hbsslaw.com
5  peterb@hbsslaw.com

6  Attorneys for Plaintiff
   [Additional counsel listed on signature page]

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| WILLIAM WATKINS, Individually and on Behalf of All Others Similarly Situated,, | ) ) ) | No. 08-cv-00271 CRB |
| Plaintiff, | ) ) ) | NOTICE OF MOTION AND MOTION OF LOREN SWANSON AND ART LANDESMAN FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD PLAINTIFFS' CHOICE OF LEAD AND LIAISON COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | ) ) ) ) | |
| SHORETEL, INC., JOHN W. COMBS, MICHAEL E. HEALY, EDWIN J. BASART, GARY J. DAICHENDT. THOMAS VAN OVERBEEK, KENNETH D. DENMAN, CHARLES D. KISSNER, EDWARD F. THOMPSON, LEHMAN BROTHERS, INC., J.P. MORGAN SECURITIES, INC. and PIPER JAFFRAY & CO., | ) ) ) ) ) ) ) ) ) ) | |
| | ) | DATE: April 25, 2008<br>TIME: 10:00 a.m.<br>DEPT: Courtroom 8, 19th Floor |
| Defendant. | ) ) | Action filed January 15, 2008 |
| PHYNICE KELLEY, Individually and on Behalf of All Others Similarly Situated,, | ) ) ) | No. 08-cv-00683 CRB |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SHORETEL, INC., JOHN W. COMBS, MICHAEL E. HEALY, EDWIN J. BASART, GARY J. DAICHENDT. THOMAS VAN OVERBEEK, KENNETH D. DENMAN, CHARLES D. KISSNER, EDWARD F. THOMPSON, LEHMAN BROTHERS, INC., J.P. MORGAN SECURITIES, INC. and PIPER JAFFRAY & CO., | ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | Action filed January 29, 2008 |

010015-11 229203 V1

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on April 25, 2008, at 10:00 A.M., or as soon thereafter as the matter may be heard, before the Honorable Judge Charles R. Breyer, United States District Court, Northern District of California, San Francisco Division, Courtroom 8, 19th Floor, 450 Golden Gate Ave., San Francisco, California 94102, Loren Swanson and Art Landesman ("Swanson and Landesman" or "Movants") will and hereby move for an order for consolidation of these actions; to be appointed Lead Plaintiffs in these actions against ShoreTel, Inc. ("ShoreTel" or "Company") pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3) (2007); and for approval of Movants' selection of the law firms Kahn Gauthier Swick, LLC ("KGS") as Lead Counsel and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel for the Class in this action.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Reed R. Kathrein in Support of this Motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

Swanson and Landesman make this Motion on the belief that they are the most "adequate plaintiffs" as defined in the PSLRA because:

1. Movants have the largest financial interest in the relief sought by the Class and have incurred substantial losses in the amount of $18,628.25 as a result of their purchase and/or acquisition of shares of ShoreTel securities pursuant to or traceable to the Company's July 3, 2007 Initial Public Offering ("IPO" or the "Offering"), and

2. Movants satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

Swanson and Landesman further request that the Court approve the selection of their counsel, KGS as Lead Counsel and Hagens Berman as Liaison Counsel for the Class.  KGS and Hagens Berman are nationally recognized law firms with significant class action, fraud and

1 | complex litigation experience, and are firms with the resources to effectively and properly pursue
2 | this action.
3 |     For all of the foregoing reasons, Swanson and Landesman respectfully request that this
4 | Court: (1) appoint Swanson and Landesman to serve as Lead Plaintiffs in this action; (2) approve
5 | Swanson and Landesman's selection of Lead and Liaison Counsel for the Class; and (3) grant such
6 | other and further relief as the Court may deem just and proper.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATEMENT OF ISSUES TO BE DECIDED**

Whether these cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure as actions involving a common question of law or fact pending before the Court;

Whether Loren Swanson and Art Landesman should be appointed Lead Plaintiffs in the action against ShoreTel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3);

Whether the Court should approve Movants' selection of the law firms Hagens Berman as Liaison Counsel and KGS as Lead Counsel to represent the Class in this action, also pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3).

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

PROCEDURAL BACKGROUND ...................................................................................................2

STATEMENT OF FACTS................................................................................................................2

ARGUMENT ....................................................................................................................................3

I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS ...............................3

II. LOREN SWANSON AND ART LANDESMAN SHOULD BE APPOINTED LEAD
PLAINTIFFS ...........................................................................................................................4

    A. The Procedural Requirements Pursuant to the PSLRA ................................................4

    B. Loren Swanson and Art Landesman Are "The Most Adequate Plaintiffs".................5

        1. Loren Swanson and Art Landesman Have Complied With the PLSRA and
Should Be Appointed Lead Plaintiffs................................................................5

        2. Loren Swanson and Art Landesman Have the Largest Financial Interest ........6

        3. Loren Swanson and Art Landesman Satisfy the Requirements of Rule 23 ......6

            a. Loren Swanson and Art Landesman's Claims Are Typical of the Claims of
All the Class Members . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 7

            b. Loren Swanson and Art Landesman Will Adequately Represent the Class 8

III. THE COURT SHOULD APPROVE LOREN SWANSON AND ART LANDESMAN'S
CHOICE OF LEAD AND LIAISON COUNSEL ..................................................................9

CONCLUSION .................................................................................................................................9

**PRELIMINARY STATEMENT**

Swanson and Landesman hereby move to consolidate various related securities class actions filed against ShoreTel[1] and other Defendants, to be appointed Lead Plaintiffs pursuant to Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of their selection of the law firm of Kahn Gauthier Swick, LLC ("KGS"), as Lead Counsel and Hagens Berman Sobol Shapiro, LLP ("Hagens Berman"), as Liaison Counsel for the Class in this case.[2]

Swanson and Landesman fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action. As described in the Certifications attached to the Declaration of Reed R. Kathrein in Support of the Motion of Loren Swanson and Landesman for Consolidation of All Related Cases, to Be Appointed Lead Plaintiffs and to Approve Proposed Lead Plaintiffs' Choice of Counsel ("Kathrein Decl.") at Ex. A, Swanson and Landesman have suffered losses of $18,628.25 as a result of their purchases of shares of ShoreTel securities pursuant to or traceable to the Company's July 3, 2007 IPO. To the best of their knowledge, Swanson and Landesman have sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Swanson and Landesman's Certifications demonstrate their intent to serve as Lead Plaintiffs in this litigation, including their cognizance of the duties of serving in that role.[3] Moreover, Swanson and

---

[1] The related securities class actions include: *Watkins v. ShoreTel, Inc., et al.*, 08-cv-00271 (filed January 15, 2008); *Kelley v. ShoreTel, Inc., et al.*, 08-cv-00683 (filed January 29, 2008), (collectively referred to as "Complaints").

[2] As previously stated, the Movants move together as a group. Alternatively, each agrees to have the Court consider their losses individually and appoint an individual from amongst the two of them, should the Court so desire.

[3] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii). A copy of Swanson and Landesman's Certifications of their transactions in ShoreTel securities is attached as Exhibit A to the Kathrein Declaration that has been filed in support of this motion.

Landesman satisfy both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and are presumptively the "most adequate plaintiffs."

Accordingly, Swanson and Landesman respectfully submit this memorandum of law in support of their motion, pursuant to Section 27(a)(3) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Swanson and Landesman as Lead Plaintiffs in this action pursuant to the Securities Act; and (3) approving Movants' selection of the law firm of KGS as Lead Counsel and Hagens Berman as Liaison Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against Defendants, *Watkins v. ShoreTel, Inc., et al.*, 08-cv-00271, was filed on behalf of plaintiff William Watkins, in the Northern District of California on January 15, 2008. Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), on January 16, 2008, the first notice that a class action had been initiated against Defendants was published on *Market Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than March 17, 2008. *See* Kathrein Decl., Ex. B.

Swanson and Landesman are Class Members (*see* Kathrein Decl., Ex. A) who have timely filed this motion within the 60-day period following publication of the January 16, 2008 notice.

## STATEMENT OF FACTS[4]

ShoreTel, its entire Board of Directors, its Chief Financial Officer and the Underwriters involved in the Offering (including Lehman Brothers, Inc., J.P. Morgan Securities, Inc. and Piper Jaffray & Co.), are each charged with including or allowing the inclusion of materially false and misleading statements in the Registration Statement and Prospectus issued in connection with the IPO, in direct violation of the Securities Act of 1933. Moreover, Defendants *each* failed to conduct an adequate due diligence investigation into the Company prior to the IPO, and they also each failed to reveal at that time of the IPO that the Company was not operating according to plan and

---

[4] These facts were derived from the allegations contained in the first-filed class action styled *Watkins v. ShoreTel, Inc., et al.*, 08-cv-00271 (filed January 15, 2008).

NOTICE OF MOT. AND MOT. FOR CONSOLIDATION, APPT.   - 2 -
OF LEAD PLS. AND APPROVAL OF LEAD COUNSEL; MPA
IN SUPPORT THEREOF - CASE NO. 08-cv-0271 CRB

1  that ShoreTel's sales already had been and foreseeably would continue to be, adversely affected as
2  a result of a slow-down in demand for ShoreTel products and services.

3  It was not until January 7, 2008, however, that investors learned the truth about the
4  Company – including that the problems which existed at the time of the IPO would result in
5  extremely disappointing results for the third quarter of fiscal 2008 (the period ended December 31,
6  2007), including much lower than expected revenues and higher than expected costs and expenses.
7  In addition, by this time, it became obvious to investors that the Company did not maintain
8  adequate internal controls, and that a proper due diligence investigation into the Company, by the
9  Underwriters, was not properly carried out prior to the Offering.

10  Following the publication of these disappointing results the price of ShoreTel stock
11  collapsed.  As evidence of this, shares of ShoreTel fell over 50% in a single trading day –
12  plummeting from a close of over $13.00 per share the prior trading day, to a close of $6.02 per
13  share on January 7, 2008.  ShoreTel also experienced exceptionally heavy trading volume with
14  over 6 million shares traded – *over thirty times* the Company's recent average daily trading
15  volume.

## ARGUMENT

### II.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[5] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 27(a)(3)(B)(ii) of the Securities Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered.

---

[5] Fed. R. Civ. P. 42(a): Consolidation. When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

NOTICE OF MOT. AND MOT. FOR CONSOLIDATION, APPT.   - 3 -
OF LEAD PLS. AND APPROVAL OF LEAD COUNSEL; MPA
IN SUPPORT THEREOF - CASE NO. 08-cv-0271 CRB

The related actions are perfectly suited for consolidation. *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999). The Complaints contain very similar allegations charging the Company and key executives with making false and misleading statements, and omitting material information concerning the Company's financial health during the relevant period. The Complaints allege the same Defendants and involve common legal issues and assert claims under Sections 11 and 15 of the Securities Act.[6] Accordingly, this Court should consolidate the related actions.

### III. LOREN SWANSON AND ART LANDESMAN SHOULD BE APPOINTED LEAD PLAINTIFFS

**A.   The Procedural Requirements Pursuant to the PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Market Wire* on January 16, 2008. *See* Kathrein Decl. Exhibit B.[7] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than March 17, 2008. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

---

[6]   This assessment is based upon a review of all of the similar complaints currently available on PACER.

[7]   *Market Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 03-cv-8264, 2004 U.S. Dist. Lexis 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. Lexis 11866, at *2 (N.D. Ill. August 6, 1997).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa)   has either filed the complaint or made a motion in response to a notice…
>
> in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 77z-1(a)(3)(B)(iii).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. §77z-1(a)(3)(B)(iii)(II).

**B.    Loren Swanson and Art Landesman Are "The Most Adequate Plaintiffs"**

    **1.    Loren Swanson and Art Landesman Have Complied With the PLSRA and Should Be Appointed Lead Plaintiffs**

Swanson and Landesman move this Court to be appointed Lead Plaintiffs and have timely filed the instant motion to be appointed Lead Plaintiffs within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Market Wire*, a national business-oriented wire service, on January 16, 2008. Accordingly, Swanson and Landesman meet the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) by timely filing their motion on March 17, 2008.

Moreover, Swanson and Landesman have sustained a substantial loss from their investment in ShoreTel stock and have shown their willingness to represent the Class by signing Certifications detailing their ShoreTel transaction information. *See* Kathrein Decl. Exhibit A. As demonstrated by their Certifications, Swanson and Landesman are prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of

counsel's advice. In addition, Swanson and Landesman have selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biographies of proposed Lead and Liaison Counsel for the Class, KGS and Hagens Berman respectively, are attached as Exhibit C to the Kathrein Declaration.

### 2. Loren Swanson and Art Landesman Have the Largest Financial Interest

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . ." *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (*citing In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). As demonstrated herein, Movants (with losses of $18,628.25) have the largest known financial interest in the relief sought by the Class. *See* Kathrein Decl. Exhibit A.

### 3. Loren Swanson and Art Landesman Satisfy the Requirements of Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 U.S. Dist. Lexis 26780, *15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and adequacy of representation are key factors."). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and

defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Schriver v. Impac. Mortg. Holdings, Inc.*, No. SAVC 06-31 CJJ (RNBx), 2006 U.S. Dist. Lexis 40607, *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors."). As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs. Swanson and Landesman have claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiffs.

        a. **Loren Swanson and Art Landesman's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics,* No. C 03-03709 SI, 2005 U.S. Dist. Lexis 41396, *13 (N.D. Cal. Aug. 9, 2005). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1988).

In this case, Swanson and Landesman are typical is because their claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Swanson and Landesman and all of the Class Members purchased ShoreTel securities pursuant and/or traceable to the Company's July 3, 2007 IPO, and thus both Swanson and Landesman and the Class Members suffered damages as a result of these purchases. Simply put, Swanson and Landesman, like all other Class Members:  (1) purchased ShoreTel stock pursuant and/or traceable to the IPO; (2) purchased ShoreTel stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Swanson and Landesman's claims and injuries "arise from the same event or course of conduct that gives rise to the claims of other class members." *Crossen*, at *13 - *14. Swanson and Landesman are not subject to any

unique or special defenses. Thus, Swanson and Landesman meet the typicality requirement of Fed. R. Civ. P. Rule 23 because their claims are the same as the claims of the other Class Members.

### b. **Loren Swanson and Art Landesman Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 77z-1(a)(3)(B). *See also Miller v. Ventro Corp.*, No. C 01-01287 SBA, 2001 U.S. Dist. Lexis 26027, *44 (N.D. Cal. Nov. 28, 2001) (*citing Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

Swanson and Landesman's interests are clearly aligned with the members of the Class because their claims are identical to the claims of the Class. There is no evidence of antagonism between their interests and those of the proposed Class Members. Furthermore, Swanson and Landesman have a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial loss they incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Swanson and Landesman's identical interest with the members of the Class, clearly shows that Swanson and Landesman will adequately and vigorously pursue the interests of the Class. In addition, Swanson and Landesman have selected as proposed Lead and Liaison Counsel law firms that are highly experienced in successfully prosecuting securities class actions to represent them.

In sum, because of Swanson and Landesman's common interests with the Class Members, their clear motivation and ability to vigorously pursue this action, and their competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since Swanson and Landesman not only meet both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and have sustained the largest amount of losses at the hands of the Defendants, they

are, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiffs to lead this action.

### IV. THE COURT SHOULD APPROVE LOREN SWANSON AND ART LANDESMAN'S CHOICE OF LEAD AND LIAISON COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiffs' choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Swanson and Landesman have selected KGS to serve as Lead Counsel and Hagens Berman to serve as Liaison Counsel for the Class. These firms have not only successfully prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions. *See* Kathrein Decl., Ex. C. Furthermore, Swanson and Landesman's counsel have continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

### CONCLUSION

For all of the foregoing reasons, Swanson and Landesman respectfully requests that this Court: (1) consolidate all related actions; (2) appoint Swanson and Landesman to serve as Lead Plaintiffs in this action; (3) approve Swanson and Landesman's selection of Lead and Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: March 17, 2008                    HAGENS BERMAN SOBOL SHAPIRO LLP

By:
    /s/ Reed R. Kathrein
REED R. KATHREIN

Peter E. Borkon
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

1  
2  
            reed@hbsslaw.com  
            peterb@hbsslaw.com  

3  
            *Proposed Liaison Counsel for the Class*  

4  
            Lewis S. Kahn  
            KAHN GAUTHIER SWICK, LLC  
5             650 Poydras Street, Suite 2150  
            New Orleans, LA 70130  
6             Telephone: (504) 455-1400  
            Facsimile: (504) 455-1498  
7             lewis.kahn@kgscounsel.com  

8  
            *Attorneys for Lead Plaintiff Movants, Loren Swanson*  
9             *and Art Landesman and Proposed Lead Counsel for*  
            *the Class*  

10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

NOTICE OF MOT. AND MOT. FOR CONSOLIDATION, APPT. - 10 -  
OF LEAD PLS. AND APPROVAL OF LEAD COUNSEL; MPA  
IN SUPPORT THEREOF - CASE NO. 08-cv-0271 CRB

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2   I hereby certify that on March 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 17th day of March 2008, at Berkeley, California.


                                                /s/ Reed R. Kathrein
                                                REED R. KATHREIN

# Mailing Information for a Case 3:08-cv-00271-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,carrie@hbsslaw.com

- **Peter E. Borkon**
  peterb@hbsslaw.com

- **Catherine Duden Kevane**
  ckevane@fenwick.com,cgalvin@fenwick.com

- **Lewis S. Kahn**
  lewis.kahn@kgscounsel.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **John D. Pernick**
  john.pernick@bingham.com

- **Donn P. Pickett**
  donn.pickett@bingham.com,donna.gilliland@bingham.com

- **Charlene Sachi Shimada**
  charlene.shimada@bingham.com

- **Adrienne L. Taclas**
  adrienne.taclas@bingham.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eric J. O'Bell
Law Offices of Eric J. O'Bell, LLC
3500 North Hullen Street
Metairie, LA 70002
```