SUSAN S. MUCK (CSB NO. 126930)
smuck@fenwick.com
DEAN S. KRISTY (CSB NO. 157646)
dkristy@fenwick.com
CATHERINE D. KEVANE (CSB NO. 215501)
ckevane@fenwick.com
LESLIE KRAMER (CSB NO. 253313)
lkramer@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

Attorneys for Defendants
SHORETEL, INC.; JOHN W. COMBS; MICHAEL E. HEALY; EDWIN J. BASART; MARK F. BREGMAN; GARY J. DAICHENDT; THOMAS VAN OVERBEEK; KENNETH D. DENMAN; CHARLES D. KISSNER; AND EDWARD F. THOMPSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re SHORETEL, INC. SECURITIES LITIGATION | Case No. C-08-00271-CRB<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |
| This Document Relates To:<br><br>ALL ACTIONS. | |

Defendants ShoreTel, Inc., John W. Combs, Michael E. Healy, Edwin J. Basart, Mark F. Bregman, Gary J. Daichendt, Thomas Van Overbeek, Kenneth D. Denman, Charles D. Kissner, and Edward F. Thompson (collectively, "Defendants") hereby answer the Second Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC") filed in

this action by plaintiffs Loren Swanson and Art Landesman. The Court's February 2, 2009 Order dismissed all claims as to representations of future growth, and the Court's August 18, 2009 Order dismissed all claims as to the statements regarding the monitoring of key financial metrics and the statements regarding demonstration products and loaners. Therefore, no response to any such claims or allegations is required. Subject to the foregoing, Defendants answer plaintiffs' SAC as follows:

1. Deny each and every allegation in paragraph 1, except admit that Lead Plaintiffs Loren Swanson and Art Landesman purport to bring a putative class action on behalf of purchasers of ShoreTel, Inc. common stock pursuant to the July 3, 2007 Initial Public Offering and that plaintiffs purport to represent a class beginning on July 3, 2007 and ending on January 29, 2008.

2. Deny each and every allegation in paragraph 2.

3. Deny each and every allegation in paragraph 3, except admit that ShoreTel conducted an IPO on July 3, 2007.

4. No response is required because the Court dismissed all claims related to demonstration products. To the extent a response is required, Defendants deny each and every allegation in paragraph 4.

5. Deny each and every allegation in paragraph 5.

6. No response is required because the Court dismissed all claims related to future growth and demonstration products. To the extent a response is required, Defendants deny each and every allegation in paragraph 6 and each subpart thereof.

7. Deny each and every allegation in paragraph 7, and aver that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of CW #1, and, on that basis, deny each and every such allegation.

8. Deny each and every allegation in paragraph 8, and aver that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of CW #2, and, on that basis, deny each and every such

1  allegation.

2      9.    Deny each and every allegation in paragraph 9, and aver that Defendants lack

3  knowledge and information sufficient to form a belief as to the truth of the allegations regarding

4  the purported statements of CW #1, and, on that basis, deny each and every such allegation.

5      10.    Deny each and every allegation in paragraph 10.

6      11.    Deny each and every allegation in paragraph 11.

7      12.    Deny each and every allegation in paragraph 12.

8      13.    Deny each and every allegation in paragraph 13, except admit that plaintiffs

9  purport to bring this action pursuant to §§ 11 and 15 of the Securities Act of 1933, 15 U.S.C.

10 §§77k and 77o, and purport to invoke the jurisdiction of this Court pursuant to § 22 of the

11 Securities Act, 15 U.S.C. § 77v.

12     14.    Deny each and every allegation in paragraph 14, except admit that ShoreTel

13 maintains its headquarters in Sunnyvale, California.

14     15.    Deny each and every allegation in paragraph 15.

15     16.    Deny each and every allegation in paragraph 16, except admit the first and third

16 sentences and that ShoreTel provides switch-based Internet protocol telecommunications systems.

17     17.    Deny each and every allegation in paragraph 17, and each subpart thereof, except

18 admit that:

19     a.    John W. Combs was Chairman of the Board of Directors, Chief Executive

20             Officer, and President of ShoreTel at the time of the IPO;

21     b.    Michael E. Healy was Chief Financial Officer at the time of the IPO;

22     c.    Edwin Basart is a founder, and was the Chief Technology Officer and a

23             director at the time of the IPO;

24     d.    Mark F. Bregman was a director of ShoreTel at the time of the IPO;

25     e.    Gary J. Daichendt was a director of ShoreTel at the time of the IPO;

26     f.    Kenneth D. Denman was a director of ShoreTel at the time of the IPO;

27     g.    Charles D. Kissner was a director of ShoreTel at the time of the IPO;

28     h.    Thomas van Overbeek was a director of ShoreTel at the time of the IPO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   and served as Chief Executive Officer and President of ShoreTel from
2   February 2002 until he retired in July 2004, and as a consultant to ShoreTel
3   from December 2001 to February 2002; and

4       i.     Edward F. Thompson was a director of ShoreTel at the time of the IPO.

5   18.    Deny each and every allegation in paragraph 18, except admit that Lehman Brothers, Inc. and J.P. Morgan Securities, Inc. acted as the underwriters of the IPO.

7   19.    Deny each and every allegation in paragraph 19.

8   20.    No response is required because the Court dismissed all claims related to monitoring of key financial metrics. To the extent a response is required, Defendants deny each and every allegation in paragraph 20, except admit that plaintiffs quote selectively and out of context various statements from the Registration Statement, which statements speak for themselves.

13  21.    Deny each and every allegation in paragraph 21, and aver that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of CW #3, and, on that basis, deny each and every such allegation.

17  22.    Deny each and every allegation in paragraph 22, and aver that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of CW #4, and, on that basis, deny each and every such allegation.

21  23.    Deny each and every allegation in paragraph 23.

22  24.    Deny each and every allegation in paragraph 24, except admit that plaintiffs purport to quote selectively and out of context various statements from the Registration Statement, which statements speak for themselves.

25  25.    Deny each and every allegation in paragraph 25 and each subpart thereof and aver the provisions of SAB No. 104, Concepts Statement No. 5, ARB 43, APB 10, and SFAS 5 speak for themselves.

28  26.    Deny each and every allegation in paragraph 26, and aver that Defendants lack

ANSWER TO SECOND AMENDED COMPLAINT    4    CASE NO. C-08-00271-CRB

1 knowledge and information sufficient to form a belief as to the truth of the allegations regarding
2 the purported statements of CW #4, and, on that basis, deny each and every such allegation.
3 Defendants incorporate and reassert their response to paragraph 24 as if set forth fully herein.

4     27.    Deny each and every allegation in paragraph 27.

5     28.    Deny each and every allegation in paragraph 28, and aver that Defendants lack
6 knowledge and information sufficient to form a belief as to the truth of the allegations regarding
7 the purported statements of CW #4, and, on that basis, deny each and every such allegation.

8     29.    Deny each and every allegation in paragraph 29, and aver that Defendants lack
9 knowledge and information sufficient to form a belief as to the truth of the allegations regarding
10 the purported statements of CW #4, and, on that basis, deny each and every such allegation.

11     30.    Deny each and every allegation in paragraph 30.

12     31.    Deny each and every allegation in paragraph 31, except admit that plaintiffs quote
13 selectively and out of context various statements from the Registration Statement, which
14 statements speak for themselves.

15     32.    Deny each and every allegation in paragraph 32, and aver that Defendants lack
16 knowledge and information sufficient to form a belief as to the truth of the allegations regarding
17 the purported statements of CW #4, and, on that basis, deny each and every such allegation.

18     33.    No response is required because the Court dismissed all claims related to
19 monitoring of key financial metrics. To the extent a response is required, Defendants deny each
20 and every allegation in paragraph 33, except admit that plaintiffs reference and quote selectively
21 and out of context various statements from the Registration Statement, which statements speak
22 for themselves.

23     34.    No response is required because the Court dismissed all claims related to
24 monitoring of key financial metrics and future growth. To the extent a response is required,
25 Defendants deny each and every allegation in paragraph 34, except admit that plaintiffs quote
26 selectively and out of context various statements from the Registration Statement, which
27 statements speak for themselves.

28     35.    No response is required because the Court dismissed all claims related to

1  monitoring of key financial metrics.  To the extent a response is required, Defendants deny each

2  and every allegation in paragraph 35, and aver that Defendants lack knowledge and information

3  sufficient to form a belief as to the truth of the allegations regarding the purported statements of

4  CW #1 and CW #2, and, on that basis, deny each and every such allegation.

5       36.    No response is required because the Court dismissed all claims related to

6  monitoring of key financial metrics and future growth.  To the extent a response is required,

7  Defendants deny each and every allegation in paragraph 36.

8       37.    No response is required because the Court dismissed all claims related to

9  monitoring of key financial metrics and demonstration products.  To the extent a response is

10 required, Defendants deny each and every allegation in paragraph 37.

11      38.    No response is required because the Court dismissed all claims related to

12 monitoring of key financial metrics.  To the extent a response is required, Defendants deny each

13 and every allegation in paragraph 38.

14      39.    No response is required because the Court dismissed all claims related to

15 monitoring of key financial metrics and future growth.  To the extent a response is required,

16 Defendants deny each and every allegation in paragraph 39.

17      40.    Deny each and every allegation in paragraph 40, except admit that plaintiffs quote

18 selectively and out of context various statements from the Registration Statement, which

19 statements speak for themselves.

20      41.    Deny each and every allegation in paragraph 41.

21      42.    Deny each and every allegation in paragraph 42, except admit that plaintiffs

22 reference and quote selectively and out of context various statements from SFAS No. 5, which

23 statements speak for themselves.

24      43.    Deny each and every allegation in paragraph 43, except admit that plaintiffs

25 reference and quote selectively and out of context various statements from Regulation S-X, 17

26 C.F.R. § 210.10-01, which statements speak for themselves.

27      44.    Deny each and every allegation in paragraph 44, except admit that plaintiffs quote

28 selectively and out of context various statements from Concepts Statement No. 5, which

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO SECOND AMENDED COMPLAINT    6    CASE NO. C-08-00271-CRB

statements speak for themselves.

45. No response is required because the Court dismissed all claims related to monitoring of key financial metrics. To the extent a response is required, Defendants deny each and every allegation in paragraph 45.

46. No response is required because the Court dismissed all claims related to demonstration products and loaners. To the extent a response is required, Defendants deny each and every allegation in paragraph 46.

47. No response is required because the Court dismissed all claims related to demonstration products and loaners. To the extent a response is required, Defendants deny each and every allegation in paragraph 47, and aver that Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported statements of CW #4, and, on that basis, deny each and every such allegation.

48. No response is required because the Court dismissed all claims related to the demonstration products and loaners. To the extent a response is required, Defendants deny each and every allegation in paragraph 48.

49. Deny each and every allegation in paragraph 49, except admit that plaintiffs quote selectively and out of context various statements from Item 303 of SEC Regulation S-K, which statements speak for themselves.

50. Deny each and every allegation in paragraph 50, except admit that plaintiffs quote selectively and out of context various statements from the Instructions to Item 303 of SEC Regulation S-K, which statements speak for themselves.

51. Deny each and every allegation in paragraph 51, except admit that plaintiffs reference and purport to quote selectively and out of context various statements from Interpretive Release No. 34-26831, which statements speak for themselves.

52. Deny each and every allegation in paragraph 52, except admit that plaintiffs quote selectively and out of context various statements from Securities Act Release No. 6711, which statements speak for themselves.

///

53. Deny each and every allegation in paragraph 53, except admit that plaintiffs quote selectively and out of context various statements from Securities Act Release No. 6349, which statements speak for themselves.

54. No response is required because the Court dismissed all claims related to future growth. To the extent a response is required, Defendants deny each and every allegation in paragraph 54.

55. No response is required because the Court dismissed all claims related to demonstration products and loaners. To the extent a response is required, Defendants deny each and every allegation in paragraph 55.

56. Deny each and every allegation in paragraph 56, except admit that plaintiffs quote selectively and out of context various statements from ShoreTel's September 27, 2007 Form 10-K, which statements speak for themselves.

57. No response is required because the Court dismissed all claims related to monitoring of key financial metrics and future growth. To the extent a response is required, Defendants deny each and every allegation in paragraph 57.

58. Deny each and every allegation in paragraph 58.

59. Deny each and every allegation in paragraph 59.

60. No response is required because the Court dismissed all claims related to monitoring of key financial metrics and future growth. To the extent a response is required, Defendants deny each and every allegation in paragraph 60.

61. No response is required because the Court dismissed all claims related to demonstration products and loaners. To the extent a response is required, Defendants deny each and every allegation in paragraph 61.

62. Deny each and every allegation in paragraph 62, except admit that revenue for the quarter ending March 31, 2007 was $26.01 million, revenue for the quarter ending June 30, 2007 was $28.92 million, revenue for the quarter ending September 30, 2007 was $31.98 million, revenue for the quarter ending December 31, 2007 was $30.56 million, and revenue for the quarter ending March 31, 2008 was $31.49 million.

1  63. Deny each and every allegation in paragraph 63.

2  64. No response is required because the Court dismissed all claims related to future growth. To the extent a response is required, Defendants deny each and every allegation in paragraph 64.

65. No response is required because the Court dismissed all claims related to monitoring of key financial metrics. To the extent a response is required, Defendants deny each and every allegation in paragraph 65.

66. Deny each and every allegation in paragraph 66.

67. Deny each and every allegation in paragraph 67.

68. Deny each and every allegation in paragraph 68, except admit that on January 29, 2008, ShoreTel conducted a conference call for investors.

69. Deny each and every allegation in paragraph 69.

70. Deny each and every allegation in paragraph 70.

71. No response is required because the Court dismissed all claims related to monitoring of key financial metrics and future growth. To the extent a response is required, Defendants deny each and every allegation in paragraph 71.

72. Deny each and every allegation in paragraph 72.

73. Deny each and every allegation in paragraph 73, except admit that plaintiffs quote selectively and out of context various statements from ShoreTel's Form 10-Q for the quarter ending December 31, 2007, filed on February 12, 2008, which statements speak for themselves.

74. Deny each and every allegation in paragraph 74, except admit that plaintiffs quote selectively and out of context various statements from ShoreTel's Form 10-K for the fiscal year ended June 30, 2008 filed on September 12, 2008, which statements speak for themselves.

75. Deny each and every allegation in paragraph 75, including the graph contained on page 21 of the SAC.

76. Deny each and every allegation in paragraph 76.

77. Deny each and every allegation in paragraph 77.

78. Deny each and every allegation in paragraph 78.

ANSWER TO SECOND AMENDED COMPLAINT — 9 — CASE NO. C-08-00271-CRB

79. Deny each and every allegation in paragraph 79.

80. Deny each and every allegation in paragraph 80, and aver that the provisions of 15 U.S.C. § 77z-2(b)(2)(D) speak for themselves.

81. Deny each and every allegation in paragraph 81.

82. Deny each and every allegation in paragraph 82.

83. Deny each and every allegation in paragraph 83, except admit that plaintiffs purport to bring this putative class action on behalf of all persons who purchased ShoreTel shares, or traceable stock, pursuant to the July 2007 Registration Statement, excluding defendants.

84. Aver that paragraph 84 calls for a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 84.

85. Aver that paragraph 85 calls for a legal conclusion as to which no response is required. Further, no response is required because the Court dismissed claims related to future growth and monitoring of key financial metrics. To the extent a response is required, deny each and every allegation in paragraph 85.

86. Aver that paragraph 86 calls for a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 86.

87. Defendants incorporate and reassert their responses to paragraphs 1-86, inclusive, as if set forth fully herein.

88. Deny each and every allegation in paragraph 88, except admit that ShoreTel conducted an IPO on July 3, 2007 with common stock priced at $9.50.

89. No response required because the Court dismissed all claims related to future growth. To the extent a response is required, Defendants deny each and every allegation in paragraph 89.

90. Deny each and every allegation in paragraph 90.

91. Deny each and every allegation in paragraph 91, except admit the first sentence.

92. Deny each and every allegation in paragraph 92.

93. Defendants incorporate and reassert their responses to paragraphs 1-92, inclusive, as if set forth fully herein.

94. Deny each and every allegation in paragraph 94.

95. Aver that paragraph 95 calls for a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 95.

96. Deny each and every allegation in paragraph 96.

97. Deny each and every allegation in paragraph 97, except admit the first sentence.

98. Deny each and every allegation in paragraph 98.

99. Defendants incorporate and reassert their responses to paragraphs 1-98, inclusive, as if set forth fully herein.

100. Admit.

101. Aver that paragraph 101 calls for a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 101.

102. Deny each and every allegation in paragraph 102.

103. Deny each and every allegation in paragraph 103, except admit the first sentence.

104. Deny each and ever allegation in paragraph 104.

105. Defendants incorporate and reassert their responses to paragraphs 1-104, inclusive, as if set forth fully herein.

106. Admit that plaintiffs purport to bring this action pursuant to § 15 of the Securities Act of 1933 against the Individual Defendants.

107. Deny each and every allegation in paragraph 107.

108. Deny each and every allegation in paragraph 108.

109. Deny each and every allegation in paragraph 109.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the claims asserted in the SAC, and each of them, Defendants allege as follows:

**First Affirmative Defense**

Any allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other allegedly actionable conduct attributed to Defendants (all of which are denied) were not material to the investment decisions of a reasonable investor.

**Second Affirmative Defense**

Plaintiffs and members of the alleged plaintiff class are estopped by reason of their acts, conduct, and omissions from obtaining any recovery in this action.

**Third Affirmative Defense**

Plaintiffs and members of the alleged plaintiff class have knowingly and voluntarily waived any alleged claims they might have against Defendants, or any of them.

**Fourth Affirmative Defense**

Plaintiffs and members of the alleged class are barred by the doctrines of laches and unclean hands from obtaining any recovery in this action.

**Fifth Affirmative Defense**

Plaintiffs and members of the alleged plaintiff class would be unjustly enriched if they were permitted to obtain any recovery in this action.

**Sixth Affirmative Defense**

Plaintiffs and members of the alleged plaintiff class have, by reason of their acts, conduct and inaction, ratified the alleged acts, omissions and conduct of which they now complain.

**Seventh Affirmative Defense**

Each defendant alleged to be a control person under Section 15 of the Securities Act of 1933 acted in good faith and did not directly or indirectly induce any acts or acts constituting an alleged violation of the Securities Act of 1933.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred by the applicable statutes of limitations.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred in whole or part because plaintiffs and members of the alleged plaintiff class were expressly advised in public statements regarding the material facts

1  and risks concerning their investments.  Plaintiffs and members of the alleged class therefore
2  assumed the risk of any loss and are precluded from any recovery herein.

### Tenth Affirmative Defense

The matters now claimed by the SAC to be the subject of misrepresentations and omissions, which are denied, were, in fact, publicly disclosed or were in the public domain and, as such, were available to plaintiffs and members of the alleged plaintiff class.

### Eleventh Affirmative Defense

The matters now claimed by the SAC to be the subject of misrepresentations and omissions, which are denied, were known to plaintiffs.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because plaintiffs and members of the alleged plaintiff class failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because plaintiffs cannot establish, *inter alia*, an underlying violation of the Securities Act of 1933 necessary to assert claims under Section 15 of the Securities Act of 1933.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred in whole or part because factors other than the allegedly untrue statements of material fact, omissions of material fact, misleading statements or other allegedly actionable conduct attributed to Defendants, all of which are denied, caused some or all of the losses or damages allegedly sustained by plaintiffs and members of the alleged plaintiff class.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred in whole or part because, to the extent that plaintiffs or members of the alleged plaintiff class incurred injury or damages as alleged in the SAC, which is denied, any such injury or damages was caused in whole or in party by the negligent conduct of plaintiffs and members of the alleged plaintiff class.

ANSWER TO SECOND AMENDED COMPLAINT | 13 | CASE NO. C-08-00271-CRB

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred in whole or part because the depreciation in the market price of ShoreTel shares purchased by plaintiffs and members of the alleged plaintiff class resulted from, and was caused by, factors other than the alleged misstatements, omissions and other misconduct alleged in the SAC.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because no conduct attributable to Defendants was the cause in fact or probable cause of the losses or damages plaintiffs seek to recover in this action.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred in whole or part because, to the extent that plaintiffs or members of the alleged class incurred any injury or damage as alleged in the SAC, which is denied, any such injury or damage was caused and brought about by the acts, conduct or omissions of individuals and/or entities other than Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals and/or entities.

### Nineteenth Affirmative Defense

Even if the misstatements and omissions alleged in the SAC had been made, which is denied, defendants John W. Combs, Michael E. Healy, Edwin J. Basart, Mark F. Bregman, Gary J. Daichendt, Thomas Van Overbeek, Kenneth D. Denman, Charles D. Kissner, and Edward F. Thompson at all times acted reasonably and in good faith relied upon the work, opinions, information, representations, and advice of others upon whom they were entitled to rely.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because some or all of Defendants' alleged statements are forward-looking statements within the scope of, and protected or insulated from liability by the "safe harbor" provisions of the Private Securities Litigation Reform Act of

1 1995, including 15 U.S.C. § 78u-5(c).

**Twenty-First Affirmative Defense**

Plaintiffs' claims are barred in whole or in part inasmuch as plaintiffs lack the standing to assert any such claim.

**Twenty-Second Affirmative Defense**

Plaintiffs and members of the alleged plaintiff class are not entitled to recover under the Securities Act of 1933 because, at all relevant times, defendants John W. Combs, Michael E. Healy, Edwin J. Basart, Mark F. Bregman, Gary J. Daichendt, Thomas Van Overbeek, Kenneth D. Denman, Charles D. Kissner, and Edward F. Thompson conducted a reasonable investigation and had reasonable ground to believe and did believe, at the time the Registration Statement became effective, that the statements therein were true and that there was no omitted material fact required to be stated therein or necessary to make the statements therein not misleading.

**Twenty-Third Affirmative Defense**

The claims asserted against Defendants under Sections 11 and 15 of the Securities Act of 1933 fail to allege facts sufficient to state a claim upon which relief may be granted.

**Twenty-Fourth Affirmative Defense**

Plaintiffs and members of the alleged plaintiff class are not entitled to any recovery from Defendants under the Securities Act of 1933, because the offering documents did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

**Twenty-Fifth Affirmative Defense**

Plaintiffs and members of the alleged plaintiff class are not entitled to recover because, with respect to portions of the Registration Statement purporting to be made on the authority of experts, defendants John W. Combs, Michael E. Healy, Edwin J. Basart, Mark F. Bregman, Gary J. Daichendt, Thomas Van Overbeek, Kenneth D. Denman, Charles D. Kissner, and Edward F. Thompson had no reasonable ground to believe and did not believe, at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the

statements therein not misleading, or that such part of the Registration Statement did not fairly represent the statement of the expert.

### Twenty-Sixth Affirmative Defense

Defendants are not liable under Section 11 of the Securities Act of 1933 for damages in excess of the total price at which the securities were offered to the public.

### Twenty-Seventh Affirmative Defense

To the extent that plaintiffs and members of the alleged plaintiff class purchased the offered securities in the secondary market that are not traceable to the Registration Statement, they are not entitled to any recovery from Defendants.

### Twenty-Eighth Affirmative Defense

Defendants are absolved from any and all liability for the wrongs alleged in the Complaint by reason of their full compliance with all statutes, regulations or other laws in effect at the time of the conduct alleged in the SAC.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That the Court refuse to certify this suit as a class action;
2. That plaintiffs and members of the alleged plaintiff class take nothing by reason of the claims asserted herein;
3. That judgment be entered in favor of Defendants on all claims asserted herein;
4. For costs of suit herein; and
5. For such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///

| | |
|---|---|
| Dated: September 25, 2009 | FENWICK & WEST LLP |
| | By:  /s/ Catherine D. Kevane |
| | Catherine D. Kevane |
| | Attorneys for Defendants ShoreTel, Inc.; John W. Combs; Michael E. Healy; Edwin J. Basart; Mark F. Bregman; Gary J. Daichendt; Thomas Van Overbeek; Kenneth D. Denman; Charles D. Kissner; and Edward F. Thompson |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO SECOND AMENDED COMPLAINT — 17 — CASE NO. C-08-00271-CRB