UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re SHORETEL, INC. SECURITIES LITIGATION | ) Case No. C-08-00271-CRB ) ) <u>CLASS ACTION</u> ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) [PROPOSED] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** ) ) ) ) ) ) ) |

1        This matter came before the Court for hearing pursuant to an Order of this Court, dated July 2, 2010, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of June 4, 2010 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

   1.   This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

   2.   This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

   3.   The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

   4.   Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only on behalf of a class consisting of all persons or entities that purchased the common stock of ShoreTel pursuant or traceable to ShoreTel's Initial Public Offering Prospectus and Registration Statement, or on the open market from July 3, 2007, through January 29, 2008, inclusive. Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which the Defendants have or had a controlling interest. Also excluded from the Class are those

Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiffs are certified as class representatives and Lead Plaintiffs' selection of Kahn Swick & Foti, LLC as Class Counsel is approved.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Lead Plaintiffs, the Class, and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, the Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Except as to any individual claim of those Persons (if any, identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

9. Upon the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting the Released Claims against any of the Released Persons.

10. Upon the Effective Date hereof, each of the Released Persons shall be deemed to

have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

11. The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12. Neither the plan of allocation submitted by Lead Counsel nor the portion of this order regarding the attorneys' fee and expense application shall in any way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as admission or evidence of any fault or omission of any of the Defendants or their Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains

1 continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of
2 the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;
3 (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all
4 parties hereto for the purpose of construing, enforcing, and administering the Stipulation and this
5 Judgment.

6   15.   After completion of the processing of all claims by the claims administrator, Lead
7 Plaintiffs shall disburse the Net Settlement Fund.

8   16.   The Court finds that during the course of the Action, the Settling Parties and their
9 respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure
10 11.

11   17.   The Court finds that due and adequate notice was directed to all Class Members
12 advising them that counsel would seek a fee award of 33 and 1/3 percent.  The Court notes that no
13 class members objected to this, or any, element of the settlement.  Nonetheless, though fee awards of
14 33 and 1/3 are not unheard of, see Mot. for Fees at 5-6 (collecting cases), the California benchmark
15 remains 25 percent, see Yeagley v. Wells Fargo & Co., 2008 U.S. Dist. LEXIS 5040, at *17 (N.D.
16 Cal. Jan. 18, 2008) (citing Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000).  While it is
17 impressive that counsel extracted what the mediator in this case believes to be "the highest
18 settlement amount that the Plaintiffs could have achieved at this time," Weinstein Decl. at 4, that
19 amount is still not large.  The Court finds it somewhat counterintuitive to award counsel, even the
20 excellent counsel in this case, a greater percentage where the recovery to the Class is smaller.  While
21 counsel characterizes the Fund as "an outstanding 10% of the estimated maximum Class-wide
22 damages," see Mot. for Fees at 5, Class Members would really receive just six and two-thirds
23 percent if counsel's fee award reduced the Fund to two million dollars, as counsel seeks.  Counsel
24 achieved a good and reasonable result in light of the many difficulties in this case, however, the
25 result is not so outstanding as to warrant a 33 and 1/3 percent fee.  Accordingly, the Court awards
26
27
28

attorneys' fees of 26% of the net Settlement Fund[1] (three million dollars minus $82,650.63 in expenses), i.e., $758,510.84, plus interest. Counsel is also awarded its $82,650.63, plus interest, in expenses.

18. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Settlement Fund established by the Stipulation among Class Members, with due consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

19. This action is hereby dismissed in its entirety with prejudice.

20. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: October 18, 2010

THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] At the motion hearing on October 15, 2010, counsel agreed that it was seeking a percentage of the net, and not gross, Fund.